IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| **In re:** | } | |
| **RENEE MCCRAY** | } | Case No.: 22-13191-NVA |
|     **Debtor** | | |
| | } | **Chapter 7** |
| **Federal Home Loan Mortgage Corporation** | | |
|     **Movant** | } | |
| **v.** | | |
| | } | |
| **Renee L. McCray** | | |
|     **Respondent** | } | |
| **and** | } | |
| **Ziv Guttman, Trustee** | } | |

## RESPONDENT'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

The Respondent, Renee L. McCray, files this Opposition to the Motion for Relief from Automatic Stay, and states the following:

The Petitioner is a *pro se* litigant and should not be held to the same standards as a bar attorney.

> *See: Haines v. Kerner*, 404 U.S. 519-421; In re Haines: pro se litigants are held to less stringent pleading standards than admitted or licensed bar attorneys.

If the Court believes there are any oversights in the Respondent's Opposition, the Respondent requests an opportunity to correct any deficiencies, and will amend to conform to the rules.

1. The Respondent disagrees with the Movant's assertion that the Court's "Jurisdiction is based on 11 U.S.C. Section 362(d)-(f)." The Respondent believes the Court's jurisdiction is based on 11 U.S.C. Section 362 in its entirety.

2. On June 10, 2022, the Respondent did file a voluntary Petition in the Bankruptcy Court under Chapter 7 of the Bankruptcy Code.

3. Ziv Guttman, is the Chapter 7 Trustee of the Debtor's estate.

4. The Respondent disagrees with the Movant's assertion, "The subject property…was foreclosed upon and sold to the Movant on November 15, 2017. Although the Respondent's property was foreclosed upon, there is no genuine fact evidence that the property was ever legally or lawfully sold to the Movant, Federal Home Loan Mortgage Corporation (FHLMC). **Notice to the Court**: The Respondent did not receive via U.S. mail any of the documents mentioned or attached to attorney Myer's Motion for Relief from Stay. Also, the Report of Sale that was attached to the Motion for Relief from Stay and the Purchaser's Affidavit are both signed by attorney John E. Driscoll, III (a copy of the Purchaser's Affidavit is attached hereto as **Exhibit A**. For the Report of Sale, attorney Driscoll signed and stated he was a "Substitute Trustee" and for the Purchaser's Affidavit, Driscoll signed and stated he was the "Attorney for the Purchaser." A trustee under a deed of trust owes fiduciary duties both to the mortgagee and to the mortgagor. The trustee is under a duty to perform all his duties in good faith and act fairly to protect the rights of all parties equally. Attorney Driscoll's representation in the foreclosure action was that of debt collector, not an alleged fiduciary owning a duty to all parties involved.

   Also, on 01/04/2018, the Respondent filed a Motion to Set Aside the Notice of Sale and Request for Hearing, a Motion to Strike the Report of Sale and Bond from the Record and Request for Hearing, and a Motion to Strike the Purchaser's Affidavit and Request for Hearing (see Movant's attached docket for Case #24-O-13000-528, Doc. Nos. 87/0, 89/0

and 90). The Respondent disputed each of these documents for the simple fact that neither attorney Driscoll, nor any of the alleged substitute trustees were present at the alleged November 15, 2017 trustees' sale. Also, the Plaintiffs filed the required Trustees' Bond stating Sara Turner, Robert A. Jones, Amy C. Czekala, E. Edward Farnsworth and Arnold Hillman were substitute trustees in the foreclosure action, when they were not. Although the Respondent filed a Motion to Strike the Bond because of the false statements made in it, the state Court denied the Respondent's motion (see Doc. 89/0). Now the Respondent has discovered that the bond submitted to the Court violates Section 27-805(b) of the Annotated Code of Maryland, which states:

> "Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit **or who knowingly or willfully presents false information in an application for insurance** is guilty of a crime and may be subject to fines and confinement in prison." (Emphasis added)

The state Court's own record will show that the Plaintiffs Trustees' Bond includes false, misleading and deceptive information, as stated above, and is in violation of Section 27-805(b) of the Annotated Code of Maryland.

The sale was ratified on August 15, 2019, however, on August 20, 2019, the Respondent timely filed a Motion for Reconsideration (Doc. 116/0). The Respondent's Motion for Reconsideration was not ruled upon until 04/26/2022. After the timely Motion for Reconsideration was filed, additional new evidence was discovered by the Respondent. On May 6, 2022, the Respondent filed a Motion for New Trial Pursuant to Md. Rule 2-533 (see Doc. 150/0), attached hereto as **Exhibit B**. Also, since the state Court did not rule upon the Respondent's timely filed motion for reconsideration (Doc. 116/0), the Maryland Court of Special Appeals (COSA), did not have jurisdiction to instruct the Defendant to file an appeal brief, nor for COSA to file its unreported opinion (see the Respondent's Motion for Reconsideration of the Order Denying the Emergency Motion for Temporary

Restraining Order (Doc. 155/0, pgs. 5-6). A copy of the Respondent's Motion for Reconsideration (Doc. 155/0), is attached hereto as **Exhibit C** with Exhibits A-D, and supporting Affidavit.

5. For all the following reasons, the Respondent disputes the Movant's assertion, "…as a result of the ratified sale of the property, the debtor no longer has any ownership interest in the subject property and the subject property is not part of the bankruptcy estate." As the Respondent stated in the Motion for New Trial (see **Exhibit B**, Doc. 150/0, pg. 2), the Respondent requested the Court to take **Judicial Notice**, "that the entire Court record is devoid of any affidavits, declarations or any documentation from Federal Home Loan Mortgage Corporation (FHLMC), the alleged secured party, or any officer of FHLMC claiming to be an injured party, creditor, secured party, or note holder with enforcement rights to the Defendant's 2005 note and deed of trust." Also, as stated in the Motion for Reconsideration (see **Exhibit C**, Doc. 155/0, pgs. 3-4), "…not only did the Movants not provide a deed to the property, no valid deed for FHLMC has ever been filed in the Baltimore City Land Records under the property address (see **EXHIBIT C**). Nor is there a valid deed for FHLMC filed in the Baltimore City Land Records under the Defendant's name (see **EXHIBIT D**). Since the property is listed in the Defendant's name, as the rightful owner of the property, the Defendant believes the Court erred in its Order…" Further, FHLMC had every opportunity to disprove the Respondent's assertions, the Movant failed to do so with genuine fact evidence that would disprove the Respondent's undisputed allegations and evidence. FHLMC failed to respond and therefore conceded to all of the Respondent's unrefuted assertions.

6. For the following reasons, the Respondent disputes the Movant's assertion, "…the Movant is entitled to possession of the subject property in state court." On May 2, 2022, the Respondent filed a timely Motion for Reconsideration of the Order Dated 04/26/2022

Granting the Motion for Judgment of Possession and Request for Evidentiary Hearing (see Doc. 148/0). The Respondent has attached a copy of the Motion hereto as Exhibit D. In the Motion, the Respondent requested the Court to grant her an evidentiary hearing for FHLMC "to finally provide genuine fact evidence of their authority, standing, and entitlement for possession" of the Respondent's property, in order to invoke the state Court's jurisdiction (see Exhibit D, Doc. 148/0, pgs. 2 and 7, ¶2).

Also, in the motion the Respondent asserted FHLMC was not entitled to judgment awarding possession, pursuant to Md. Rule 14-102 (see Exhibit D pgs. 2-3). FHLMC never refuted any of the Respondent's assertions. Further, neither the state Court, nor FHLMC ever addressed the Respondent's assertions that another party by the name of Robert Griffiths is claiming to be the owner of the Respondent's property (see Exhibit C, pgs. 2 and 7, Exhibit A and Affidavit; also Exhibit D, pg. 3). FHLMC failed or refused to respond, in order to disprove any of the Respondent's assertions. The Respondent believes FHLMC conceded to all of the Respondent's undisputed assertions, and is not entitled to possession of the property.

7. The Respondent disputes FHLMC's assertion "The Movant lacks adequate protection of it interest in the subject property ..." For the reasons stated above, FHLMC has not provided any genuine fact evidence of their lawful standing, authority and entitlement to the subject property to be granted the relief from stay. FHLMC has not provided any fact evidence that it is a "creditor" in this case, nor any fact evidence of their enforcement rights to the 2005 Note and Deed of Trust the Respondent signed with the alleged lender, American Home Mortgage (AHM). The Respondent is requesting FHLMC to finally provide genuine fact evidence to this Court of their lawful entitlement to be granted the relief from stay.

8. The Respondent disputes the Movant's assertions that "Cause exists for lifting the automatic stay...to enable the Movant to enforce its rights pursuant to the foreclosure and

state law." The Respondent reiterates for the reasons stated above, FHLMC has failed to provide any fact evidence that cause exists for lifting the automatic stay to enforce its rights pursuant to the foreclosure and state law. As stated in the Respondent's Motion for Reconsideration of the Judgment for Possession, FHLMC conceded to the fact that it was not in compliance with the Md. Rule 14-102 for Judgment Awarding Possession (see Exhibit D, Doc. 148/0 pgs. 2-3). The Respondent also believes that the state court abused its discretion by denying the Respondent's numerous requests for hearings, in order for FHLMC to finally provide genuine fact evidence of their standing and entitlement for possession (see Exhibit D, pgs. 4-6).

Also, the Respondent believes the state Court violated the bankruptcy's court automatic stay, after being notified of the stay. On June 15, 2022, five days after receiving Notice of the Automatic Stay, the state Court denied numerous motions of the Respondent. On June 22, 2022, the Respondent filed her Notice of Objection to the violation and for the Court's denial of the Motions, denying the Respondent of her United States Constitutional rights to due process and equal protection of the law, and also the Maryland Constitution Declaration of Rights, Article 19. A copy of the Notice of Objection is attached hereto as **Exhibit E**.

9. For the reasons stated above, the Respondent disputes FHLMC assertion, "That as a result of the ratified sale and Judgment Awarding Possession, the Movant is entitled to continue in state court with obtaining possession of the subject property."
10. For the reasons stated above, FHLMC has conceded to the fact that it has no lawful interest in the subject property to be granted the relief from automatic stay. The Respondent is requesting this Court to have FHLMC to provide genuine fact evidence of their lawful right to be granted the relief from the automatic stay.

11. For the reasons stated above, the Respondent disputes the Movant's assertion that "Cause exists lifting the automatic stay..." Also, Respondent is requesting this Court to have FHLMC to provide genuine fact evidence of their lawful right to be granted the relief from the automatic stay.

12. Further, as stated in the Motion for New Trial, **Exhibit B** pgs. 2-3, "In February 2021, the Defendant received an Internal Revenue Service (IRS) 1099-C from Statebridge Company, LLC (a mortgage servicer). The 1099-C amount was for $70,650.94, the same deficiency amount filed in the Auditor's Report (Doc. 123/0). The Defendant notified Statebridge to rescind the fraudulent 1099-C, which Statebridge refused. On March 2, 2021, the Defendant filed a complaint with the Consumer Financial Protection Bureau (CFPB), a federal government agency, Complaint Number: 210302-6155338 against Statebridge.

In Statebridge's response to the CFPB complaint, they provided the attached Assignment of the Note from Wells Fargo Bank, N.A. (WFBNA) to Federal Home Loan Mortgage Corporation (FHLMC) (appended as **EXHIBIT A**). One of the problems with this assignment is that WFBNA failed to provide an assignment, or any fact evidence that American Home Mortgage (AHM), the alleged original lender, gave WFBNA the authority to negotiate, transfer or assign the Defendant's 2005 Note. Another problem with this assignment is that it was dated 02/27/2020, seven (7) years after this foreclosure action was initiated. Therefore, it would have been a legal impossibility for FHLMC to have "authorized Wells Fargo Bank, N.A. to be the holder of the Note for purposes of conducting this foreclosure action", as stated in the Affidavit Certifying Ownership of Debt Instrument and Accuracy of Note. It would have also been a legal impossibility for FHLMC to allegedly purchase the Defendant's property in 2017 with a **$29,750.00** credit bid, since they were not assigned the alleged note for **one dollar** until 02/27/2020. Also, in the assignment it states, **"This assignment is made by Assignor and accepted by Assignee**

**without any warranties."** This statement is significant because if WFBNA had any legal authority from AHM to assign the Defendant's 2005 note, that statement would not have been entered."

Also, Statebridge sent in their response to the CFPB complaint another Assignment of the Note dated 03/04/2020 from Federal Home Loan Mortgage Corporation to Statebridge Company, LLC, both Assignments of the Note are attached hereto as **Exhibit F**. In order for FHLMC to allege entitlement to the subject property, the Respondent believes FHLMC needs to provide genuine fact evidence they are a creditor in this bankruptcy case.

**WHEREFORE**, for all the reasons stated above, the Respondent moves this Court for an evidentiary hearing for FHLMC to finally provide genuine fact evidence of their lawful right as a creditor with 100% enforcement rights to the Respondent's 2005 Note and Deed, in order to be granted the relief from stay.

All Rights Reserved Without Prejudice,

*/s/ Renee L. McCray*
Renee L. McCray, Respondent
c/o 109 North Edgewood Street
Baltimore, MD 21229
(410) 945-2424

## AFFIDAVIT

I, Renee L. McCray, does hereby certify that the facts set forth in this Opposition to the Motion for Relief from Stay are true and correct to the best of my information, personal first-hand knowledge and belief.

_____
Renee L. McCray, Respondent

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Opposition to the Motion for Relief from Stay with Exhibits was sent to the parties listed below by USPS First Class Mail on June 29, 2022.

Mark D. Meyer, Esq.
c/o Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

Ziv Guttman, Trustee
PO Box 32308
Baltimore, MD 21282-2308

_____
Renee L. McCray