# EXHIBIT

# A

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

**JOHN E. DRISCOLL, III,** *et al*
Plaintiffs, Substitute Trustees

v.                                                    Civil Action No. 24O13000528

**RENEE LOUISE MCCRAY**
Defendant(s)

### PURCHASER'S AFFIDAVIT

I, the undersigned, John E. Driscoll, III, as counsel for the purchaser on this ___5th___ day of ___December___, 20 __17__ do hereby affirm under penalty of perjury and make an oath in due form of law that to the best of my knowledge, information and belief, and based upon the records of the purchaser that are kept in the ordinary course of business that:

1.   Federal Home Loan Mortgage Corporation is the purchaser at the foreclosure sale in these proceedings.

2.   That I am the attorney for Federal Home Loan Mortgage Corporation, as the purchaser at the foreclosure sale.

3.   There are no other persons or entities interested as principals.

S1WPC File# 4663

4.    That I have not directly or indirectly discouraged anyone from bidding for the subject property known as 109 N. Edgewood Street, Baltimore, MD 21229.

John E. Driscoll, III, Esquire                    Date
Attorney for Purchaser
Samuel I. White, P.C.
611 Rockville Pike, Suite 100
Rockville, MD 20852
(301) 804-3400 telephone
(301) 838-1954 facsimile
E-mail Address: jdriscoll@siwpc.com

SIWPC File# 4663

# EXHIBIT

# B

## IN THE CIRCUIT COURT FOR
## BALTIMORE CITY

John E. Driscoll, III, et al.           *

     Substitute Trustees, Plaintiffs     *

v.                                 *      Case Number:  24-O-13-000528

Renee L. McCray                *

     Defendant                 *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION FOR NEW TRIAL PURSUANT TO MD RULE 2-533 ON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE OR IN THE ALTERNATIVE PURSUANT TO MD RULE 2-535(C)

The Defendant, Renee L. McCray, respectfully requests following the final entry of judgment entered on 04/26/2022, denying the Motion for Reconsideration (Doc. 116/0), that the Court grants the Defendant's Motion for A New Trial pursuant to Md. Rule 2-533, on the Grounds of Newly Discovered Evidence or in the Alternative pursuant to 2-535(c).  The Defendant states the following:

The Defendant's Motion for Reconsideration (Doc. 116/0) was filed on 08/20/2019, and was not ruled upon until 04/26/2022.  After the filing of the Motion for Reconsideration, additional new evidence was discovered by the Defendant that could not have been obtained prior to the Final Order Ratifying the Sale (Doc. 81/10).  The Defendant has recently discovered new evidence that will prove conclusively that the documents filed by the Plaintiffs in this case was intentionally filed to deceive the Court and the Defendant. This newly discovered evidence will also show that the Plaintiffs never had standing to invoke this Court's jurisdiction.

On 04/26/2022, this Court also denied the Defendant's unrebutted Motion to Strike Affidavit Certifying Ownership of Debt Instrument and Accuracy of Note (Doc. 25/0).  Not only

did the Plaintiffs never disproved the Defendants assertions, they never provided any fact evidence that could prove any of the assertions in the affidavit such as, "Federal Home Loan Mortgage Corporation is the owner of the loan evidenced by the Note." Also, the assertion that "Federal Home Loan Mortgage Corporation has authorized Wells Fargo Bank, N.A. to be the holder of the Note for purposes of conducting this foreclosure action." The Defendant believes the Court erred in its ruling since the Plaintiffs have never disproved any of the assertions in the Defendant's Motion to Strike. The Defendant also believes that the Court's ruling is prejudicial to the Defendant, since the Defendant has discovered new evidence that the affidavit certifying ownership of debt instrument and accuracy of note was no more than hearsay, as stated in the Defendant's Motion to Strike.

The Defendant is also requesting the Court to take **Judicial Notice** that the entire Court record is devoid of any affidavits, declarations or any documentation from Federal Home Loan Mortgage Corporation (FHLMC), the alleged secured party, or any officer of FHLMC claiming to be an injured party, creditor, secured party, or note holder with enforcement rights to the Defendant's 2005 note and deed of trust.

### New Evidence

In February 2021, the Defendant received an Internal Revenue Service (IRS) 1099-C from Statebridge Company, LLC (a mortgage servicer). The 1099-C amount was for $70,650.94, the same deficiency amount filed in the Auditor's Report (Doc. 123/0). The Defendant notified Statebridge to rescind the fraudulent 1099-C, which Statebridge refused. On March 2, 2021, the Defendant filed a complaint with the Consumer Financial Protection Bureau (CFPB), a federal government agency, Complaint Number: 210302-6155338 against Statebridge.

In Statebridge's response to the CFPB complaint, they provided the attached Assignment of the Note from Wells Fargo Bank, N.A. (WFBNA) to Federal Home Loan Mortgage

Corporation (FHLMC) (appended as **EXHIBIT A**).  One of the problems with this assignment is that WFBNA failed to provide an assignment, or any fact evidence that American Home Mortgage (AHM), the alleged original lender, gave WFBNA the authority to negotiate, transfer or assign the Defendant's 2005 Note.  Another problem with this assignment is that it was dated 02/27/2020, seven (7) years after this foreclosure action was initiated.  Therefore, it would have been a legal impossibility for FHLMC to have "authorized Wells Fargo Bank, N.A. to be the holder of the Note for purposes of conducting this foreclosure action", as stated in the Affidavit Certifying Ownership of Debt Instrument and Accuracy of Note.  It would have also been a legal impossibility for FHLMC to allegedly purchase the Defendant's property in 2017 with a **$29,750.00** credit bid, since they were not assigned the alleged note for **one dollar** until 02/27/2020.  Also, in the assignment it states, **"This assignment is made by Assignor and accepted by Assignee without any warranties."** This statement is significant because if WFBNA had any legal authority from AHM to assign the Defendant's 2005 note, that statement would not have been entered.

Also, on October 8, 2018, the Defendant sent FHLMC a correspondence, via USPS Priority Mail, requesting proof that they had 100% enforcement rights in the Defendant's 2005 note and deed of trust, in order to initiate the 2013 foreclosure action.  FHLMC received the Defendant's correspondence on Wednesday, October 10, 2018.  On Tuesday, November 20, 2018, the Defendant received a response from WFBNA's attorney by providing the Defendant another **certified copy of the note without any indorsements**. WFBNA again did not provide any fact evidence that FHLMC was ever the alleged owner and note holder with 100% enforcement rights. If FHLMC was the party with enforcement rights to foreclose on the Defendant's property, they would have had no reason not to provide the requested documentation (see Motion to Vacate and Request for Hearing, Doc. 110/0, pgs. 9-10 and Annexes B-D).

In order for the Court to ratify the alleged 2017 substitute trustees' sale, the Plaintiffs intentionally filed false, misleading and deceptive documents in this foreclosure action.  Also, the

assignment of the note which was executed in 2020 (**Exhibit A**) proves FHLMC could not have purchased the Defendant's property on November 15, 2017, as stated in the Report of Sale (Doc. 82/0) and Purchaser's Affidavit (Doc. 84/0).

This 2020 assignment of the note to FHLMC also proves that since the alleged substitute trustees are all attorneys and officers of the court, the documents that they initiated and filed in the Court's record i.e., the amended affidavit of debt, report of sale, purchaser's affidavit, and the foreclosure bond is "fraud on the court." The Supreme Court, in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, created the standard necessary to establish a fraud on the court claim. The Court held that, "only the most egregious misconduct, such as bribery of a judge or members of a jury, **or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court**." The Plaintiffs filed these false, misleading and deceptive documents into the Court's record, in order to maintain their standing, and for the Court to ratify the alleged 2017 sale.

Also, the Defendant recently discovered that the Trustees' Bond (Doc. 75/0), obtained from Lexington National Insurance Corporation violates Section 27-805(b) of the Annotated Code of Maryland. The Plaintiffs filed the Trustees' Bond stating Sara Turner, Robert A. Jones, Amy Czekala, E. Edward Farnsworth and Arnold Hillman are substitute trustees in this case. Although the Defendant filed a Motion to Strike the Bond because of the false statements made in it, the Court denied the Defendant's motion (see Doc. 89/0). Now the Defendant has discovered that the bond submitted to the Court violates Section 27-805(b) of the Annotated Code of Maryland, which states:

> "Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit **or who knowingly or willfully presents false information in an application for insurance** is guilty of a crime and may be subject to fines and confinement in prison." (Emphasis added)

The Court's own record will show that the Plaintiffs Trustees' Bond includes false, misleading and deceptive information, as stated above, and is in violation of Section 27-805(b) of the Annotated Code of Maryland.

Further, the newly discovered evidence (**Exhibit A**) also proves that WFBNA never had any legal authority from FHLMC to appoint the alleged substitute trustees, nor to file the invalid 2012 Corporate Assignment of Deed of Trust in the Defendant's land records, in order to initiate this foreclosure action. The Defendant has refuted all of the Plaintiffs unsubstantiated claims and assertions in this foreclosure action. This Court has never given the Defendant an opportunity for an evidentiary hearing, once she refuted their claims, in order for the Plaintiffs to provide genuine fact evidences of their refuted claims, and also their standing to initiate this foreclosure action. The Court of Appeals has stated in *Manigan v. Burson*, 160 Md. App. (2004), that "Sound public policy requires that no person shall in a judicial proceeding be deprived of a right or charged with a default until he has been given a full and free opportunity of being heard…The state can do no more than give the litigant "a day in court…" Although the Defendant has filed numerous requests for hearings in this foreclosure action, this Court has never allowed her the opportunity to receive "a day in court."

The Baltimore City Circuit Court is a court of equity, and the clean hands doctrine states that **"courts of equity will not lend their aid to anyone seeking their active interposition, who has been guilty of fraudulent, illegal, or inequitable conduct in the matter with relation to which he seeks assistance."** *Hlista*, 239 Md. at 48, 210 A.2d at 156; see also *Hicks v. Gilbert*, 135 Md. App. 394, 400, 762 A.2d 986, 989–90 (2000). Also see *Mitchell v. Yacko*, Md. Court of Special App. (2017), "We hold that a foreclosure proceeding cannot be instituted upon forged documents. The aforementioned documents—clearly false and materially altered to look genuine—suggest forgery, and equitable relief is not available to a party with unclean hands."

**WHEREFORE**, for all the reasons stated above, the Defendant moves this Court for a New Trial, in order for the Plaintiffs to provide genuine fact evidence to prove their standing to invoke this Court's jurisdiction in this foreclosure action. The Defendant also moves the Court for the Plaintiffs to provide genuine fact evidence that FHLMC is the creditor, injured party, beneficiary or secured party, in order to make a credit bid at the November 15, 2017 alleged trustees' sale. In the alternative the Defendant moves the Court for an Evidentiary Hearing or a Show Cause Order, in order for Plaintiffs to finally provide genuine fact evidence of their standing and that AHM, the alleged lender, negotiated, sold, transferred or assigned 100% of its enforcement rights to the Defendant's 2005 Note to either FHLMC or WFBNA.

All Rights Reserved Without Prejudice,

Renee L. McCray, Defendant
c/o 109 North Edgewood Street
Baltimore, MD 21229
(410) 945-2424

**<u>AFFIDAVIT</u>**

I, Renee L. McCray, does hereby certify that the facts set forth in this Motion for a New Trial pursuant to Md. Rule 2-533 or in the Alternative, pursuant to Md. Rule 2-535(c) are true and correct to the best of my information, personal first-hand knowledge and belief.

Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Defendant's Motion for a New Trial pursuant to Md. Rule 2-533 or in the Alternative, pursuant to Md. Rule 2-535(c) was sent to the parties listed below by USPS First Class Mail on May 6, 2022.

Robert H. Hillman
c/o SAMUEL I. WHITE, P.C.
6100 Executive Blvd., Suite 400
Rockville, MD 20852

                                                              _____
                                                              Renee L. McCray

# EXHIBIT

# A

## ASSIGNMENT OF NOTE

State of Maryland

City of Baltimore

Assignor:   Wells Fargo Bank, N.A.

Assignee:   Federal Home Loan Mortgage Corporation

In consideration of ONE DOLLAR ($1.00) and other good and valuable consideration paid, the above named Assignor hereby assigns to the above-named Assignee, all rights, title and interest to that one Promissory Note dated October 7, 2005 in the original principal amount of $66,500.00, along with any other evidence of indebtedness such as guaranty(ies) or endorsement(s), wherein: Renee L. McCray are/is "Maker(s)".

Assignor further assigns all of its rights, title and interest in and to any cause of action against the Maker(s) for a deficiency claim comprised of unpaid principal, interest, costs and attorney's fees, resulting from the foreclosure which occurred on or about November 15, 2017 in Baltimore City, Maryland against the following real property:

109 N Edgewood Street

Baltimore, MD 21229

Assignee shall have full right to maintain an action on the claims hereby assigned and to settle, compromise, and reassign such claims and to release in full or part the liability thereunder.   This assignment is made by Assignor and accepted by Assignee without any warranties.

Latice Simone Aiken
**Vice President Loan Documentation**
**Wells Fargo Bank, N.A.**
02/27/2020

State of South Carolina

County of York

The foregoing instrument was acknowledged before me this 27th day of February, 2020 by Latice Simone Aiken Vice President Loan Documentation; on behalf of Wells Fargo Bank, N.A., a national banking association. Latice Simone Aiken [ ] is personally known to me or [x] produced satisfactory evidence of identification.

Notary Public Wendy Hernandez

My commission expires 11-20-2028

WENDY HERNANDEZ
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 11-20-2028

Loan#:      Freddie Mac#: 162408544

# EXHIBIT

# C

**IN THE CIRCUIT COURT FOR**
**BALTIMORE CITY**

| | |
|---|---|
| John E. Driscoll, III, et al. | * |
| Substitute Trustees, Plaintiffs | * |
| | * |
| v. | *  Case Number:  24-O-13-000528 |
| | * |
| Renee L. McCray | * |
| | * |
| Defendant | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THE ORDER DATED 05/31/2022 DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The Defendant, Renee L. McCray, respectfully moves this Court pursuant to Md. Rule 2-534 for Reconsideration of the Court's Order dated 05/31/2022, denying the Defendant's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 153/1). The Defendant states the following:

The Defendant believes the Court erred in its ruling by stating "the motion sets forth facts not contained in the record and is not supported by affidavit…" The Defendant does not believe she stated any facts not contained in the Court's record, and the Defendant's affidavit was inserted on page 7 in the motion. The only facts the Defendant believes the Court may be referring to are that another party is claiming to be the owner of the property and entitled to possession (see Doc. 153/0, pg. 4, ¶1). Also, the complaint the Defendant filed with the Consumer Financial Protection Bureau (CFPB), which was filed in the Defendant's Ten-Day Motion for Reconsideration of the Order Granting the Motion for Judgment of Possession and Request for an Evidentiary Hearing (Doc. 148/0). The Defendant also asserted in the motion a reference to the CFPB complaint, and an assignment of the alleged note dated 02/27/2020, she received in response to the complaint (see Doc. 148/0, pgs. 2-3, Exhibit A). If the Defendant's assumptions are

Page 1 of 8

incorrect and the affidavit asserted in the motion is not acceptable, it is the Defendant's wish that the Court will accept the attached affidavit. The Defendant will also include a copy of the Notice she received stating a party by the name Robert Griffiths is the owner of the Defendant's property as **EXHIBIT A**, and a copy of the 02/27/2020 Assignment of the Note as **EXHIBIT B**.

Further, as the Defendant stated in the Emergency Motion for a Temporary Restraining Order, "On February 12, 2013, the Plaintiffs unlawfully filed the Order to Docket Suit of Foreclosure of Deed of Trust in this Court. The Defendant has been fighting this foreclosure action for over 9 years. The Plaintiffs have filed false, misleading and deceptive documents (i.e., Alleged Debt, Affidavit of Default, Alleged Note, Corporate Assignment of Deed of Trust, Affidavit Certifying Ownership of Debt Instrument and Accuracy of Note, Substitution of Trustee, etc.), without providing any genuine fact evidence of their validity. The Defendant has never conceded to a default. Neither the Defendant, nor this court has ever been in receipt of any genuine fact evidence from an injured party, creditor, note holder, or secured party claiming that the Defendant defaulted on the alleged credit transaction between American Home Mortgage, the alleged lender, and the Defendant. Although the Defendant has requested fact evidence from Wells Fargo Bank, N.A, (WFBNA), Federal Home Loan Mortgage Corporation (FHLMC), the Plaintiffs and the Movants on numerous occasions, they have all failed or refused to provide any genuine fact evidence from any party with enforcement rights to the Defendant's 2005 note and deed of trust...The Defendant has disproved all of the Plaintiffs unsubstantiated claims but the Court has refused to allow the Defendant an opportunity for an evidentiary hearing, in order for the Plaintiffs to finally provide genuine fact evidence of their claims. The Court's record is devoid of any genuine fact evidence of the Plaintiffs and Movants lawful standing to invoke this Court's jurisdiction, in order to dispossess the Defendant of her property in this foreclosure action." (See Doc. 153/0, pgs. 1-2). The Baltimore City Circuit Court is a court of equity, and the clean hands doctrine states, **"courts of equity will not lend their aid to anyone seeking their active interposition, who has been guilty of fraudulent, illegal, or inequitable conduct in the matter**

**with relation to which he seeks assistance."** *Hlista*, 239 Md. at 48, 210 A.2d at 156; see also

*Hicks v. Gilbert*, 135 Md. App. 394, 400, 762 A.2d 986, 989–90 (2000).

Also, the Defendant believes the Court did not take into consideration that the Court

did not rule on the Defendant's timely filed Motion for Reconsideration of the Order Dated

08/15/2019 Ratifying the Sale and Request for Evidentiary Hearing (Doc. 1160/0), until

04/26/2022 (see Doc. 116/1).   On May 6, 2022, the Defendant filed a Motion for New Trial

pursuant to Md. Rule 2-533 on the Grounds of Newly Discovered Evidence (see Doc. 150/0),

which the Plaintiffs did not oppose.   In this motion the Defendant again referenced the complaint

with the CFPB and the 02/27/2020 assignment of the note from Well Fargo Bank, N.A. (WFBNA)

to Federal Home Loan Mortgage Corporation (FHLMC) (see Doc. 150/0, pgs. 2-3).   The

Defendant also referenced the assignment of the note in the Motion for Reconsideration of the

Order Granting the Movants' Motion for Judgment of Possession (Doc. 148/0, pgs. 6-7), which

the Movants did not oppose.

The Defendant also disagrees and believes the Court erred in its Order by stating "The

foreclosure purchaser's Motion for Judgment...was filed with a proper affidavit..."   In the

Emergency Motion, the Defendant stated the Movants are not in compliance with Md. Rule 14-

102(a)(3), (b)(1)(D) and (E).   Md. Rule 14-102(a)(3) refers to the Motion, which states:

> "...the purchaser ordinarily is not entitled to possession until the sale has been
> ratified and the purchaser has paid the full purchase price and received a deed
> to the property." See *Legacy Funding v. Cohn*, 396 Md. 511 (2007) and *Empire*
> *v. Hardy*, 386 Md. 628 (2005).

The Movants have never provided any fact evidence that FHLMC paid the full purchase price and

received a deed to the property.  Also, pursuant to Md. Rule 14-102(b)(1)(D), which states:

> (D) if the purchaser paid the full purchase price and received a deed to the property,
> the date the payment was made and the deed was received; and

The Defendant has asserted throughout this entire proceeding for possession that the Court's record

is devoid of any fact evidence that FHLMC purchased the Defendant's property at the alleged

11/15/2017 trustees' sale (see Defendant's Opposition to Motion for Judgment of Possession, Doc. 122/1, pgs. 5-6, #7, ¶2, Defendant's Affidavit in Support of Motion to Strike, Doc. 144/0, Defendant's Reply to Movants' Opposition to Motion to Strike, Doc. 144/2, pgs. 3-4, #1, Defendant's Opposition to Movants 2nd Amended Declaration of Exemption from Moratorium, Doc. 147/1, pg. 3 ¶1 and see Wherefore, Defendant's Motion for Reconsideration of Order Granting Movants' Moton for Judgment, Doc. 148/0, pg. 2, ¶1 and pg. 4, ¶1, and Defendant's Emergency Motion for Temporary Restraining Order, Doc. 153/0, pg. 4, #2). Further, not only did the Movants not provide a deed to the property, no valid deed for FHLMC has ever been filed in the Baltimore City Land Records under the property address (see **EXHIBIT C**). Nor is there a valid deed for FHLMC filed in the Baltimore City Land Records under the Defendant's name (see **EXHIBIT D**). Since the property is listed in the Defendant's name, as the rightful owner of the property, the Defendant believes the Court erred in its Order stating that the Defendant, "…has no right to occupy the property and there are no grounds for staying execution of the Writ of Possession."

On June 1, 2022, the Movants filed their Opposition to the Defendant's Emergency Motion for Temporary Restraining Order (Doc. 153/3). However, the Movants have not rebutted, nor disproved any of the factual statements in the Defendant's Emergency Motion. The Movants acquiesced and conceded to all of the assertions in the Defendant's Emergency Motion, under "Statement of Facts". The Movants also conceded to the Defendant's assertions that their motion and affidavit are not in compliance with Md. Rule 14-102(a)(3), (b)(1)(D) and (E). The Movant's failed to file a deed with their opposition, and they failed to provide any factual basis for the alleged purchaser's claim of entitlement. As the Defendant stated above and in the Emergency Motion (see Doc. 153/0, pg. 4, #2), "it is undisputed by the Plaintiffs and Movants that the Court's record is devoid of any genuine fact evidence that FHLMC was ever an injured party, creditor, note holder, or secured party to the Defendant's 2005 note and deed of trust, in order to be granted the judgment awarding possession."

Also, the Movants attached a copy of the Court of Special Appeals (COSA), September 17, 2020 unreported opinion, with their opposition (see Doc. 153/3, Exhibit 1). However, this Court did not make its final ruling on the Defendant's timely filed Motion for Reconsideration (Doc. 116/0), until 04/26/2022, (see Doc. 116/1). Since this Court did not file its final ruling on the Defendant's motion for reconsideration, until 04/26/2022, COSA did not have jurisdiction to instruct the Defendant to file an appeal brief, nor for COSA to file its unreported opinion. COSA's unreported opinion was prematurely filed and moot as a matter of law. As the Defendant stated in the Defendant's Reply to Movants' Opposition to Motion to Strike Amended Declaration of Exemption from Moratorium and Request for Hearing (see Doc. 144/2, pgs. 4-5, #2), which states:

2.  The Defendant did file multiple oppositions and Motions for Reconsideration because the Defendant was within her rights. The Court of Appeals for Maryland has stated that **a foreclosure sale is not final until the court enters an order ratifying the sale because, until such an order is entered, the defendant has the continuing ability to assert his or her rights in the foreclosure process.** *Emphasis added. See Baltimore Home Alliance, LLC v. Geesing,* 218 Md. App. 375, 383 n.5 (2014). The Defendant thus has the continuing "ability to assert her rights and interests in the subject matter of the proceeding." *Remson,* 206 Md. App. at 71 (quoting *Rohrbeck v. Rohrbeck,* 318 Md. 28, 41 (1989)).

Also, the Defendant discovered that the Court of Special Appeals (COSA) 2019 Unreported Opinion that the Movants attached as Exhibit 2 was prematurely filed and moot as a matter of law, since the Defendant timely filed the Ten-Day Motion for Reconsideration of the Order Dated 08/15/2019 Ratifying the Sale (Doc. 116/0). The Circuit Court has never ruled on the Motion, and pursuant to Md. Rule 2-602(a), jurisdiction was never transferred to the COSA. Therefore, until this Court makes a final ruling on the Defendant's Motion for Reconsideration, COSA's Unreported Opinion was premature for lack of jurisdiction. It is exceedingly clear that no final judgment has been entered in the Circuit Court and the Defendant filed the Motion for Reconsideration, pursuant to Md. Rule 2-534 within the 10-day period. As the Circuit Court has yet to rule on the Motion for Reconsideration, "[T]he filing of post trial motions deprive an otherwise final judgment of its appealability until such motions of appealability have

been resolved." *Waters v. Whiting,* 113 Md. App. 464, 471, 688 A.2d 459 (1997). See also Rule 8-202(c) which provides as follow:

(c) Civil Action – Post Judgment Motions. In a civil action, **when a timely motion is filed pursuant to Rule** 2-532, 2-533, or **2-534, the notice of appeal shall be filed within 30 days after entry of** (1) a notice of withdrawing the motion or (2) an order denying a motion pursuant to Rule 2-533 or disposition of a motion pursuant to Rule 2-532 or 2-534. A notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion. (Bold emphasis added).

On March 26, 2021, the Defendant also informed the Court of Special Appeals by filing Motions to Dismiss Appeals 1367 and 2112 for lack of jurisdiction, (see COSA's Court Dockets for Appeal Nos. 1367 and 2112). In each of the motions to dismiss, the Defendant stated:

"The Appellant who is a *pro se* litigant, without counsel and unskilled in the law, accidentally came across *Sieck v. Sieck* 66 Md. App. 37 (1986), 502 A.2d 528, after receiving the March 11, 2021, Unreported Opinion in Appeal No.: 2112. The Appellant discovered that COSA prematurely instructed her to file the appeal briefs, because a timely filed 2-534 motion tolls the time to file a brief. COSA disregarded its own rules and procedures by sending the Appellant instructions to file the briefs along with deadlines. Also, the Appellant never knowingly waived any of her rights to be entitled to fair, honest and unbiased proceedings in the COSA. Nor has she waived her rights to receive equal protection of the law."

As the Defendant stated above, this Court did not make its final judgment on the timely filed Ten-Day Motion for Reconsideration (Doc. 116/0), until 04/26/2022, and the Defendant believes the Movants Motion for Judgment of Possession that was filed on 10/17/2019 was premature. If the Court does not follow its own rules and procedures regarding a final judgment, this would be an abuse of discretion and prejudicial to the Defendant. As the Defendant stated above, as a *pro se* litigant, she has never knowingly waived any of her rights to be entitled to fair, honest and unbiased proceedings. Nor has she waived her rights to receive "equal protection of the law."

On May 11, 2022, the Clerk forwarded the Movants Request for Writ of Possession to the Baltimore City Sheriff's Office, in order to evict the Defendant from her property (see Docs.

151/0 and 152/0). As stated above, the Movants Motion for Judgment Awarding Possession is not in compliance with Md. Rule 14-102(a)(3), (b)(1)(D) and (E), and the Defendant believes the Court erred in granting the judgment for possession (see Doc. 148/0, pgs. 2-3), and denying the Defendant's Emergency Motion for Temporary Restraining Order (Doc. 153/1).

Also, Defendant believes the Court erred by not addressing any of the undisputed statements in the Defendant's Motion to Strike Amended Declaration of Exemption (Doc. 143/0), the Affidavit in Support of the Motion to Strike (Doc. 144/0), and the Defendant's Reply to the Opposition to Strike the Amended Declaration (Doc. 144/2), and Defendant's Opposition to the Movants 2nd Amended Declaration of Exemption (see Doc. 147/1). Neither the Court nor the Movants ever addressed any of the undisputed facts stated in the Defendant's documents, that another party by the name of Robert Griffiths is claiming to be the owner of the Defendant's property and entitled to possession. (See Doc. 143/0, pgs. 3-4 and Exhibits A and B, Doc. 144/0, pg. 2, #7-10, and Doc. 144/2, pg. 3, ¶1 and pg. 6, #4). The Court disregarded all of these undisputed facts without having the Movants provide fact evidence of their legal authority, standing, and entitlement to be granted the judgment awarding possession. The Defendant believes the Court's Order granting judgment for possession is in error and extremely biased and prejudicial to the Defendant.

**WHEREFORE**, for all the reasons stated above, the Defendant is moving this Court to reconsider its 05/31/2022 Order Denying the Defendant's Emergency Motion for a Temporary Restraining Order. The Defendant is also requesting an evidentiary hearing for the Movants to finally provide genuine fact evidence of their authority, standing and entitlement for possession of the Defendant's property, in order to invoke this Court's jurisdiction.

All Rights Reserved Without Prejudice,

Renee L. McCray, Defendant
c/o 109 North Edgewood Street
Baltimore, MD 21229
(410) 945-2424

## REQUEST FOR HEARING

The Defendant requests an evidentiary hearing.

## AFFIDAVIT

I, Renee L. McCray, does hereby certify that the facts set forth in this Motion for Reconsideration of the Order dated 05/31/2022 Denying the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction are true and correct to the best of my information, personal first-hand knowledge and belief.

Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Motion for Reconsideration of the Order dated 05/31/2022 Denying the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction was sent to the parties listed below by USPS First Class Mail on June 6, 2022.

Maurice O'Brien, Esq.
c/o Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

Renee L. McCray

Page 8 of 8

# EXHIBIT

# A

**Any and all occupants, tenants or sub-tenants**

Address: 109 N Edgewood Street Baltimore, MD 21229

Owner: Robert Griffiths

Date:      November 22, 2019

My name is Michelle Godfrey, Realtor with Rock Blue Homes. The Owner has asked me to verify the occupancy of this property, please give me a call with 24 hours of this notice.  If I don't receive a call or email I will presume that this property is **Vacant** and will order that the locks to be changed. Thank you

I can be reached at **443-891-4846** or <u>mgodfreyres@gmail.com</u>.

Michelle Godfrey, REALTOR
Rock Blue Homes
4 Bothwell Garth
Nottingham, MD 21236
410-246-6522 (office)
443-891-4846 (direct)



# EXHIBIT

# B

ASSIGNMENT OF NOTE

State of Maryland

City of Baltimore

Assignor:    Wells Fargo Bank, N.A.

Assignee:    Federal Home Loan Mortgage Corporation


In consideration of ONE DOLLAR ($1.00) and other good and valuable consideration paid, the above named Assignor hereby assigns to the above-named Assignee, all rights, title and interest to that one Promissory Note dated October 7, 2005 in the original principal amount of $66,500.00, along with any other evidence of indebtedness such as guaranty(ies) or endorsement(s), wherein: Renee L. McCray are/is "Maker(s)."

Assignor further assigns all of its rights, title and interest in and to any cause of action against the Maker(s) for a deficiency claim comprised of unpaid principal, interest, costs and attorney's fees, resulting from the foreclosure which occurred on or about November 15, 2017 in Baltimore City, Maryland against the following real property:

109 N Edgewood Street

Baltimore, MD 21229

Assignee shall have full right to maintain an action on the claims hereby assigned and to settle, compromise, and reassign such claims and to release in full or part the liability thereunder. This assignment is made by Assignor and accepted by Assignee without any warranties.

Latice Simone Aiken
Vice President Loan Documentation
Wells Fargo Bank, N.A.
02/27/2020


State of South Carolina

County of York

The foregoing instrument was acknowledged before me this 27th day of February, 2020 by Latice Simone Aiken Vice President Loan Documentation; on behalf of Wells Fargo Bank, N.A., a national banking association. Latice Simone Aiken [ ] is personally known to me or [x] produced satisfactory evidence of identification.


Notary Public _Wendy Hernandez_

My commission expires _11-20-2028_

WENDY HERNANDEZ
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 11-20-2028

Loan#:    Freddie Mac#: 162403544

# EXHIBIT

# C

MDLANDREC | A Digital Image Retrieval System for Land Records & Indices for Baltimore City

| HOME | SELECT NEW COUNTY ˅ | SEARCH | JUMP TO NEW VOLUME | RELATED LINKS | HELP!
| CONTACT US | END SESSION |

---Jump to new volume---

Clerk
Book*
Page*

[ Go! ] [ Clear ]

NOTE: Search returns single page.

Search Results for:
County: BC   House No.: 109   Street: edgewood   AS   Grantor/Grantee   for all dates

Displaying 16 records of 16 total records.

Displaying 1-16 of 16 records.

[NEW SEARCH]

You have 0 record(s) in your marked list.

| REMOVE all entries from marked list | DISPLAY marked list | PRINT full search results |

| ☑ | Date Recorded ▲ | Grantor/Grantee | Instrument Type | Book/Page | Remarks |
|---|---|---|---|---|---|
| ☐ | 1975-06-26 | _Grantor:_ ALLEN REALTY CO | SHT REL | Book 3245, p. 619 | 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1975-06-26 | _Grantee:_ BOULDEN, WALTER | SHT REL | Book 3245, p. 619 | 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1975-06-26 | _Grantee:_ BOULDEN, BETTY | SHT REL | Book 3245, p. 619 | 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1982-06-22 | _Grantor:_ BOULDEN, BETTY | ASSIGNMENT | Book 4198, pp. 13-14 | ES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1982-06-22 | _Grantee:_ ROBINSON, HELEN M O | ASSIGNMENT | Book 4198, pp. 13-14 | ES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1988-04-04 | _Grantor:_ BOULDEN, BETTY | ASSIGNMENT | Book 1660, pp. 119-121 | SES EDGEWOOD 89.26 NE CATON AVE K/A 109 |

| | | | | EDGEWOOD ST **BLOCK:** 2275 F |
|---|---|---|---|---|
| ☐ | 1988-04-04 | ☐ *Grantee:* ZEBULON, WALTER | ASSIGNMENT | Book 1660, pp. 119-121 | SES EDGEWOOD 89.26 NE CATON AVE K/A 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1994-08-10 | ☐ *Grantor:* BOULDEN, BETTY -BY ATTY | ASSIGNMENT | Book 4414, pp. 207-211 | SES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1994-08-10 | ☐ *Grantee:* MCCRAY, RENEE L | ASSIGNMENT | Book 4414, pp. 207-211 | SES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1994-08-10 | ☐ *Grantor:* MCCRAY, RENEE L | MORTGAGE | Book 4414, pp. 212-218 | SES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1994-08-10 | ☐ *Grantee:* HIGHAM, DANIEL *Capacity:* TR | MORTGAGE | Book 4414, pp. 212-218 | SES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | 1994-08-10 | ☐ *Grantee:* BERMAN, MALCOLM C *Capacity:* TR | MORTGAGE | Book 4414, pp. 212-218 | SES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK:** 2275 F |
| ☐ | ~~2008-02-19~~ | ☐ ~~*Grantor:* MCCRAY, RENEE L~~ | ~~DEED OF TRUST~~ | ~~Book 10440, p. 109~~ History Record | ~~109 EDGEWOOD ST~~ ~~**BLOCK:** 2275 F~~ |
| ☐ | ~~2008-02-19~~ | ☐ ~~*Grantee:* CHRISSINGER, MAUREEN~~ *Capacity:* TRUSTEE | ~~DEED OF TRUST~~ | ~~Book 10440, p. 109~~ History Record | ~~109 EDGEWOOD ST~~ ~~**BLOCK:** 2275 F~~ |
| ☐ | ~~2011-02-17~~ | ☐ ~~*Grantor:* WELLS FARGO BANK N A~~ | ~~CERTIFICATE OF SATISFACTION~~ | ~~Book 13300, p. 435~~ History Record | ~~109 EDGEWOOD ST~~ ~~**BLOCK:** 2275 F~~ |
| ☐ | ~~2011-02-17~~ | ☐ ~~*Grantee:* MCCRAY, RENEE L~~ | ~~CERTIFICATE OF SATISFACTION~~ | ~~Book 13300, p. 435~~ History Record | ~~109 EDGEWOOD ST~~ ~~**BLOCK:** 2275 F~~ |

**Displaying 1-16 of 16 records.**

**[NEW SEARCH]**

MDLANDREC.NET (Version 3.9.0) © Maryland State Archives, 1999-2022.
An Archives of Maryland Online Publication

# EXHIBIT

# D

MDLANDREC | A Digital Image Retrieval System for Land Records & Indices for Baltimore City

|HOME | SELECT NEW COUNTY ⌄ | SEARCH | JUMP TO NEW VOLUME | RELATED LINKS | HELP! | CONTACT US | END SESSION |

—Jump to new volume

Clerk

*Book**

*Page**

[Go!] [Clear]

**NOTE:** Search returns single page.

---

## Search Results for:

**County:** BC   **Name:** IS mccray, renee   **AS**   Grantor/Grantee   **for** all dates

### Displaying 12 records of 12 total records.

### Displaying 1-12 of 12 records.

### [NEW SEARCH]

You have 0 record(s) in your marked list.

| REMOVE all entries from marked list |   DISPLAY marked list   |   PRINT full search results |
|---|---|---|

| ☑ | Date Recorded ▲ | Grantor/Grantee | Instrument Type | Book/Page | Remarks |
|---|---|---|---|---|---|
| ☐ | 1994-08-10 | _Grantee:_ MCCRAY, RENEE L | ASSIGNMENT | Book 4414, pp. 207-211 | SES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK**: 2275 F |
| ☐ | 1994-08-10 | _Grantor:_ MCCRAY, RENEE L | MORTGAGE | Book 4414, pp. 212-218 | SES EDGEWOOD 89.26 NE CATON K/A 109 EDGEWOOD ST **BLOCK**: 2275 F |
| ☐ | 2005-10-14 | _Grantor:_ MCCRAY, RENEE L | REFINANCE MORTGAGE OR DEED TR | Book 6830, pp. 938-955 | 109 N EDGEWOOD ST **BLOCK**: 2275 F |
| ☐ | 2005-11-09 | _Grantee:_ | RELEASE | Book 6963, pp. 433-434 | 109 N |

| | | | | EDGEWOOD ST **BLOCK**: 2275 F |
|---|---|---|---|---|
| ☐ | ~~2008-02-19~~ | ~~Grantor: MCCRAY, RENEE L~~ | ~~DEED OF TRUST~~ | ~~Book 10440, p. 109~~ History Record | ~~109 EDGEWOOD ST~~ **~~BLOCK~~**: ~~2275 F~~ |
| ☐ | 2008-02-19 | Grantor: MCCRAY, RENEE L | DEED OF TRUST | Book 10440, pp. 109-128 Changed Record | 109 N EDGEWOOD ST **BLOCK**: 2275 F |
| ☐ | 2011-01-28 | Grantor: MCCRAY, RENEE L | REFINANCE MORTGAGE OR DEED TR | Book 13253, pp. 5-12 | 109 N EDGEWOOD ST **BLOCK**: 2275 F |
| ☐ | ~~2011-02-17~~ | ~~Grantee: MCCRAY, RENEE L~~ | ~~CERTIFICATE OF SATISFACTION~~ | ~~Book 13300, p. 435~~ History Record | ~~109 EDGEWOOD ST~~ **~~BLOCK~~**: ~~2275 F~~ |
| ☐ | 2011-02-17 | Grantee: MCCRAY, RENEE L | CERTIFICATE OF SATISFACTION | Book 13300, pp. 435-436 Changed Record | 109 N EDGEWOOD ST **BLOCK**: 2275 F |
| ☐ | 2012-07-03 | Grantor: MCCRAY, RENEE L | ASSIGNMENT OF DEED OF TRUST | Book 14405, pp. 61-63 | 109 N EDGEWOOD ST **BLOCK**: 2275 F |
| ☐ | 2013-02-12 | Grantor: MCCRAY, RENEE L | APPOINTMENT OF TRUSTEE | Book 14955, pp. 311-314 | 109 N EDGEWOOD ST **BLOCK**: 2275 F |
| ☐ | 2014-07-23 | Grantor: MCCRAY, RENEE | ASSIGNMENT OF MORTGAGE | Book 16408, pp. 347-348 | 109 N EDGEWOOD ST **BLOCK**: 2275 F |

**Displaying 1–12 of 12 records.**

**[NEW SEARCH]**

MDLANDREC.NET (Version 3.9.0) © Maryland State Archives, 1999-2022.
An Archives of Maryland Online Publication
Use of this website constitutes an agreement by the user to abide by the Archives' Acceptable Use Policy.

S2

## IN THE CIRCUIT COURT FOR
## BALTIMORE CITY

| | |
|---|---|
| John E. Driscoll, III, et al. | * |
|    Substitute Trustees, Plaintiffs | * |
| | * |
| | * |
| v. | *   Case Number: 24-O-13-000528 |
| | * |
| Renee L. McCray | * |
| | * |
| Defendant | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT

I, Renee L. McCray. Affiant who is over eighteen years of age. have first-hand personal knowledge of the facts set forth herein and I am competent to testify to those facts. The statements herein are based on my personal knowledge.

1. On October 17, 2019. the Movants filed a Motion for Judgment of Possession.

2. On October 24, 2019, the Affiant filed an Opposition to the Movant's Motion for Judgment of Possession and Request for Hearing. In the Opposition, the Defendant requested the Movants to provide proof of their agency agreement with Federal Home Loan Mortgage Corporation (FHLMC), the alleged purchaser.

3. The Movants failed or refused to file a reply brief to the Affiant's opposition requesting "strict proof" for the Movants to prove their legal standing and authority to invoke the Court's jurisdiction; and that the assertions made in attorney Meyer's affidavit and the Motion for Judgment of Possession were "true and correct."

4. The Movants refused to provide any genuine fact evidence that they represented an injured party, a secured party. or FHLMC, the alleged purchaser.

AFFIDAVIT
Page 1 of 2

5.   The Court records are devoid of any fact evidence that FHLMC has ever had 100% enforcement rights to the Affiant's 2005 Note and Deed of Trust.

6.   The Affiant has never been in receipt of any genuine fact evidence that FHLMC was ever the secure party to the alleged 2005 credit transaction between American Home Mortgage (AHM), the alleged lender, and the Affiant.

7.   On November 23, 2019, the Affiant found taped to her front door a Notice from a realtor with Rock Blue Homes, Michelle Godfrey, stating a person by the name of Robert Griffiths was the owner of the Affiant's property (see **Exhibit A**).

8.   On March 2, 2021, the Affiant filed a complaint with the Consumer Financial Protection Bureau (CFPB), against Statebridge Company, LLC, Complaint Number 210302-6155338.   In Statebridge's response to the CFPB complaint, Statebridge provided an Assignment of Note from Wells Fargo Bank, N.A. (WFBNA) to FHLMC (see **Exhibit B**).


I declare under the penalties of perjury and upon personal knowledge that the contents of the foregoing statements are true and correct.


_____          _____
Signature                                 Date

AFFIDAVIT
Page 2 of 2

# EXHIBIT

# D

## IN THE CIRCUIT COURT FOR
## BALTIMORE CITY

John E. Driscoll, III, et al.                    *

   Substitute Trustees, Plaintiffs          *

                               *

v.                                               *          Case Number:  24-O-13-000528

                               *

Renee L. McCray                                  *

   Defendant                                 *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S TEN-DAY MOTION FOR RECONSIDERATION OF THE ORDER DATED 04/26/2022 GRANTING MOVANTS' MOTION FOR JUDGMENT OF POSSESSION AND REQUEST FOR AN EVIDENTIARY HEARING

       The Defendant, Renee L. McCray, respectfully moves this Court pursuant to Md. Rule 2-534 for Reconsideration of the Court's Order dated 04/26/2022, granting the Movants Motion for Judgment of Possession, and the Defendant is requesting an evidentiary hearing. The Defendant states the following:

       The Defendant is requesting this Court to reconsider its order dated 04/26/2022 because it undermines the public's confidence in the judiciary and the rule of law. The Defendant believes the Court erred and abused its discretion in its ruling by not requiring attorney Mark D. Meyer and Rosenberg & Associates, LLC to provide proof of their agency relationship with the alleged purchaser, Federal Home Loan Mortgage Corporation (FHLMC). "When a party asserts a claim that is dependent upon an agency relationship created by inference, that party has the burden of proving the existence of the principal-agent relationship, including its nature and its extent." *Hofherr v. Dart Industries, Inc.*, 853 F2d 259, 262 (4th Cir. 1988). FHLMC is a government actor under the conservatorship of the Federal Housing Finance Agency (FHFA). The Movants have not provided any agency with the alleged purchaser, FHLM nor the FHFA in order to prove their authority and entitlement to file the Motion for Judgment of Possession on their behalf.

In the Defendant's opposition she moved the court for the Movants to:

- Provide material fact evidence that they had standing to invoke this Court's jurisdiction;
- If the Movants did not provide any fact evidence of their standing to invoke the court's jurisdiction, that the Motion for Judgment of Possession be Denied;
- Provide fact evidence of their agency relationship with the alleged purchaser, FHLMC;
- Provide material fact evidence that FHLMC is the "lender and deed holder" as stated in the Motion for Judgment of Possession;
- Provide material fact evidence that FHLMC is the creditor, lender, beneficiary or secured party to the Defendant's 2005 Note and Deed of Trust, in order to make a "credit bid" at the alleged November 15, 2017 trustees' sale; and
- Provide fact evidence that the alleged credit bid was valid, in order for the alleged purchaser, FHLMC, to claim they paid the full purchase price and is entitled to receive a valid deed to the Defendant's property.

In the Defendant's opposition she also requested "strict proof" of the Movants legal standing and authority to invoke this Court's jurisdiction; and that the assertions made in attorney Meyer's affidavit and the Motion for Judgment of Possession were "true and correct." Since the Movants acquiesced to all of the undisputed assertions in the Defendant's opposition, by not submitting a reply brief or affidavit proving their authority, standing, and entitlement to possession, the Movants have conceded to all of the Defendant's undisputed assertions. The Defendant feels the Court is abusing its discretion by not addressing the Defendant's undisputed assertions and requests for the Movants to provide evidence of their authority, and the alleged purchaser, FHLMC standing and entitlement to possession. Since the Court refuses to have the Movants provide factual evidence to prove their standing and entitlement to possession, the Court's refusal to address this issue is extremely prejudicial to the Defendant because the Court's record is devoid of any factual evidence of FHLMC entitlement to possession.

Also, the Movants motion is not in compliance with Md. Rule 14-102(a)(3) in the **Committee note**, which states:

> "…the purchaser ordinarily is not entitled to possession until the sale has been ratified and the purchaser has paid the full purchase price and received a deed to the property." See *Legacy Funding v. Cohn*, 396 Md. 511 (2007) and *Empire v. Hardy*, 386 Md. 628 (2005).

Nor is the Movants affidavit in compliance with Md. Rule 14-102(b)(1)(D) and (E), since the Movants' affidavit was disingenuous and misleading, as stated in the Defendant's undisputed Opposition (see Doc. 122/1, pgs. 5-6, #7). Nor does the Movants affidavit state the requirements found in Md. Rule 14-102(b)(1)(D) and (E), which states:

> (D) if the purchaser paid the full purchase price and received a deed to the property, the date the payment was made and the deed was received; and

> (E) if the purchaser has not paid the full purchase price or has not received a deed to the property, the factual basis for the purchaser's claim of entitlement to possession; and

Also, FHLMC never paid the full purchase price, as specified in the rule, nor did the Movants present a deed to the property with their Motion for Judgment of Possession, as specified in Md. Rule 14-102(b)(1)(D).

Further, as the Defendant stated in the Opposition to the Movants 2nd Amended Declaration of Exemption (see Doc. 147/1, pg. 2, ¶1), "the Court's March 2, 2022 Order stated the Defendant's Motion to Strike Amended Declaration of Exemption (Doc. 143/0), the Affidavit in Support of the Motion to Strike (Doc. 144/0), the Opposition to Defendant's Motion to Strike (Doc. 144/1), and the Defendant's Reply to the Opposition to Strike the Amended Declaration (Doc. 144/2) is "DENIED as MOOT." However, neither the Court nor the Movants ever addressed any of the undisputed facts stated in the Defendant's documents that another party by the name of Robert Griffiths is claiming to be the owner of the Defendant's property. (See Doc. 143/0, pgs. 3-4 and Exhibits A and B, Doc. 144/0, pg. 2, #7-10, and Doc. 144/2, pg. 3, ¶1 and pg. 6, #4). If the Court continuously disregards these undisputed facts without having the Movants provide fact evidence of their legal authority and standing in this action, this would be a miscarriage of justice and extremely prejudicial to the Defendant." The Defendant believes the Court has erred and abused its discretion by not addressing any of these undisputed facts, in granting the Movants' motion for judgment of possession.

The Defendant also requested the Court to take **Judicial Notice** in the Opposition to the Movants 2nd Amended Declaration (see Doc. 147/1 pg. 3, ¶1), which states:

> "...that the entire Court record is devoid of any affidavits, declarations or any documentation from FHLMC, or an officer of FHLMC claiming to be the alleged purchaser of the Defendant's property. Therefore, the Defendant has a right to demand that in order to grant a declaration from moratorium, that an officer from FHLMC file a verified Declaration of Exemption from Moratorium, setting forth facts as indicated in the Tenth Amended Administrative Order. If an officer of FHLMC does not file an amended declaration, the Movants have conceded to bringing "Fraud on the Court," as stated in the Defendant's undisputed Reply to the Opposition to the Motion to Strike (see Doc. 144/2, pgs. 2 and 3)."

The Defendant objects to the Court not addressing this request, and believes the Court again erred and abused its discretion by granting the Movants' 3rd Amended Declaration of Exemption (Doc. 147/0), and Motion for Judgment ignoring the facts stated in the Judicial Notice. **Please Note:** The Movants received the Defendant's opposition to the 2nd amended declaration (Doc. 147/1), without responding to any of the facts stated, and filed the 3rd amended declaration (Doc. 147/0). The only changes made by attorney O'Brien in the 3rd amended declaration was that he signed the declaration as "Counsel for Plaintiff" instead of "Substitute Trustee." Attorney O'Brien is now stating he is the attorney for the alleged substitute trustees, not the alleged purchaser, FHLMC. He also made the statement that "The Moratorium has ended." However, many of the statements in the 3rd declaration are not factual (i.e., the lien instrument is owned, securitized, insured, or guaranteed by a federal agency or entity), and is not in compliance with the Tenth Amended Administrative Order for a **"verified"** declaration of exemption for moratorium, setting forth facts.

The Defendant also believes that the Court erred and abused its discretion by denying the Defendant's Request for a Hearing, pursuant to Md. Rule 2-311(f). This Court's refusal to allow the Defendant the opportunity for a hearing to present newly discovered evidence, and for the Movants to finally provide genuine fact evidence of their standing to invoke the court's jurisdiction, as attorneys for FHLMC; who is under the conservatorship of the United States government, is also an abuse of discretion and prejudicial to the Defendant. The Defendant also

believes that the Court's Order granting the motion for judgment and denial of the requested hearing is not in compliance with Md. Rule 14-102(d)(4), nor the Md. Constitution, Declaration of Rights, Article 19.  Md. Rule 14-102(d)(4) states:

> If a timely response to the motion is not filed and the court finds that the motion complies with the requirements of sections (a) and (b) of this Rule, the court may enter a judgment awarding possession. If a timely response to the motion is filed and the response asserts sufficient grounds for denial of a judgment awarding possession, the court shall hold a hearing, if requested. And;

The Md. Const. Decl. of Rts. Art. 19 states:

> That every man, for any injury done to him in his person or property, ought to have remedy by the course of the Law of the Land, and ought to have justice and right, freely without sale, fully without any denial, and speedily without delay, according to the Law of the Land.

Article 19's promise of "justice and right, freely without sale, fully without any denial" has been interpreted as an "open courts" provision that guarantees equal access to justice. "The words and content of [Article 19] are derived from the Magna Carta." *Sanner v. Trustees of the Sheppard & Enoch Pratt Hosp.*, 278 F. Supp. 138, 141 (D. Md. 1968). Chapter 40 of Magna Carta declared: "To no one will we sell, to no one will we refuse or delay, right or justice."  That constitutional commitment cannot be fulfilled without allowing the Defendant the opportunity to receive a fair and impartial hearing.  If a party has undisputed material fact evidence to prove fraud on the court, and the court refuses to allow that party a hearing in which to present the evidence and have it entered into the record, the court is allowing the fraud to be perpetrated.  The court is no longer representing equal justice to all under the law, but only to a select few, and the court has then exceeded its authority.

In the state of Maryland, renters who are being evicted from their homes have a right to a hearing, but homeowners can only receive a hearing at the discretion of the courts.  Renters are allowed their day in court, but homeowners are constantly being denied their day in court. Homeowners are not being allowed to face their accusers in court, in order to defend their homes.

The Court of Appeals has stated in *Manigan v. Burson*, 160 Md. App. (2004), that "Sound public policy requires that no person shall in a judicial proceeding be deprived of a right or charged with a default until he has been given a full and free opportunity of being heard...The state can do no more than give the litigant "a day in court..." Although the Defendant has filed numerous requests for hearings in this foreclosure action, this Court has never allowed her the opportunity to receive "a day in court." This Court's denial of not allowing the Defendant the requested hearing is not only prejudicial, it is also an abuse of discretion by not adhering to "sound public policy," the Md. Rule 14-102(d)(4), and the Md. Const. Decl. of Rts. Art. 19.

Also, in the Defendant's Opposition to the Movants 2nd Amended Declaration of Exemption from Moratorium and Request for Hearing, the Defendant requested the Court to allow her the opportunity for an evidentiary hearing, to present newly discovered evidence that FHLMC was never the purchaser of the Defendant's property at the alleged 2017 trustees' sale (see Doc. 147/1, pg. 3, under Wherefore). The Defendant's newly discovered evidence would prove that FHLMC never paid the full purchase price, as specified in the rule, nor are they entitled to possession.

The Defendant requests that this Court take **Judicial Notice** of the attached Assignment of Note (appended as **EXHIBIT A**). In February 2021, the Defendant received an Internal Revenue Service (IRS) 1099-C from Statebridge Company, LLC (a mortgage servicer). The 1099-C amount was for $70,650.94, the same deficiency amount filed in the Auditor's Report (Doc. 123/0). The Defendant notified Statebridge to rescind the fraudulent 1099-C, which Statebridge refused. On March 2, 2021, the Defendant filed a complaint with a federal government agency, the Consumer Financial Protection Bureau (CFPB), Complaint Number: 210302-6155338 against Statebridge.

In Statebridge's response to the CFPB complaint, they provided the attached Assignment of the Note from Wells Fargo Bank, N.A. (WFBNA) to Federal Home Loan Mortgage

Corporation (FHLMC).  One of the problems with this assignment is that WFBNA failed to provide an assignment or any fact evidence from American Home Mortgage (AHM), the alleged original lender, giving WFBNA the authority to assign the Defendant's 2005 note.  Another problem is that this assignment was dated 02/27/2020.  Therefore, it would have been a legal impossibility for FHLMC to allegedly purchase the Defendant's property in 2017 with a credit bid, since they were not assigned the alleged note until 02/27/2020.  Also, in the assignment it states, **"This assignment is made by Assignor and accepted by Assignee without any warranties."** This statement is significant because if WFBNA had any legal authority to assign the Defendant's 2005 note, that statement would not have been entered.  Not only is there no evidence in this Court's record that AHM sold the alleged debt to FHLMC, there is no evidence that AHM ever negotiated, sold, assigned or transferred 100% of its rights to the Defendant's Note to WFBNA.

The Defendant believes the Movants, who are officers of the court, have attempted to commit fraud on the court with their Motion for Judgment of Possession, Affidavit Pursuant to 14-102(b), and Declarations of Exemption from Moratorium.  If the Movants cannot provide any genuine fact evidence of their authority and standing to invoke this Court's jurisdiction, the Defendant is requesting the Court to impose sanctions on the Movants and Rosenberg & Associates, LLC for fraud on the court.  Further, if this Court does not allow the Defendant the requested evidentiary hearing, in order for the Movants and FHLMC to provide genuine fact evidence of their standing and entitlement to possession, this would be a miscarriage of justice and an abuse of discretion by the Court.

**WHEREFORE**, for all the reasons stated above, the Defendant is requesting this Court to reconsider its 04/26/2022 Order granting the Movants the motion for judgment of possession. The Defendant is also requesting an evidentiary hearing for the Movants to finally provide genuine fact evidence of their authority, standing and entitlement for possession of the Defendant's property, in order to invoke this Court's jurisdiction.

All Rights Reserved Without Prejudice,

Renee L. McCray, Defendant
c/o 109 North Edgewood Street
Baltimore, MD 21229
(410) 945-2424

## REQUEST FOR HEARING

The Defendant requests an evidentiary hearing.

## AFFIDAVIT

I, Renee L. McCray, does hereby certify that the facts set forth in this Motion for Reconsideration of the Order dated 04/26/2022 Granting the Movants' Motion for Judgment of Possession and Request for an Evidentiary Hearing are true and correct to the best of my information, personal first-hand knowledge and belief.

Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Defendant's Motion for Reconsideration of the Order dated 04/26/2022 Granting the Movants' Motion for Judgment of Possession and Request for an Evidentiary Hearing was sent to the parties listed below by USPS First Class Mail on May 2, 2022.

Mark D. Meyer, Esq.
c/o Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

Renee L. McCray

Page 8 of 8

# EXHIBIT

# A

### ASSIGNMENT OF NOTE

State of Maryland

· City of Baltimore

Assignor:   Wells Fargo Bank, N.A.

Assignee:   Federal Home Loan Mortgage Corporation


In consideration of ONE DOLLAR ($1.00) and other good and valuable consideration paid, the above named Assignor hereby assigns to the above-named Assignee, all rights, title and interest to that one Promissory Note dated October 7, 2005 in the original principal amount of $66,500.00, along with any other evidence of indebtedness such as guaranty(ies) or endorsement(s), wherein: Renee L. McCray are/is "Maker(s)".

Assignor further assigns all of its rights, title and interest in and to any cause of action against the Maker(s) for a deficiency claim comprised of unpaid principal, interest, costs and attorney's fees, resulting from the foreclosure which occurred on or about November 15, 2017 in Baltimore City, Maryland against the following real property:

109 N Edgewood Street

Baltimore, MD 21229

Assignee shall have full right to maintain an action on the claims hereby assigned and to settle, compromise, and reassign such claims and to release in full or part the liability thereunder. This assignment is made by Assignor and accepted by Assignee without any warranties.

Latice Simone Aiken
Vice President Loan Documentation
Wells Fargo Bank, N.A.
02/27/2020


State of South Carolina

County of York

The foregoing instrument was acknowledged before me this 27th day of February, 2020 by Latice Simone Aiken Vice President Loan Documentation; on behalf of Wells Fargo Bank, N.A., a national banking association. Latice Simone Aiken [ ] is personally known to me or [x] produced satisfactory evidence of identification.


Notary Public Wendy Hernandez
My commission expires 11-20-2028

WENDY HERNANDEZ
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 11-20-2028

Loan#:      Freddie Mac#: 162408544

# EXHIBIT

# E

## IN THE CIRCUIT COURT FOR
## BALTIMORE CITY

| | |
|---|---|
| John E. Driscoll, III, et al.<br>   Substitute Trustees, Plaintiffs | * |
| | * |
| v. | *    Case Number:  24-O-13-000528 |
| | * |
| Renee L. McCray | * |
| | * |
|    Defendant | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S NOTICE OF OBJECTION TO THE COURT'S ORDERS DATED JUNE 15, 2022 DENYING ALL OF THE DEFENDANT'S MOTIONS

    The Defendant, Renee L. McCray, files this Notice of Objection to the Court's Orders dated June 15, 2022 for the following motions: Motion for Reconsideration of the Order Dated 04/26/22 Granting Movants' Motion for Judgment of Possession and Request for an Evidentiary Hearing (Doc. 148/0), Motion for Reconsideration for Denying the Motion to Strike Affidavit of Certifying Ownership of Debt Instrument and Request for an Evidentiary Hearing (Doc. 149/0), Motion for New Trial (Doc. 150/0), Emergency Motion to Stay Enforcement (Doc 154/0), and Motion for Reconsideration of the Order Denying Motion for Temporary Restraining Order and Preliminary Injunction and Affidavit (155/0).

### Notice of Objection

    This Notice of Objection is formal notice that the Defendant believes this Court violated 11 U.S.C. 362 of the United States Bankruptcy Code, by denying all of the above-mentioned motions after receiving the Notice of Automatic Stay.  On Friday, June 10, 2022, the Defendant filed the Suggestion of Bankruptcy and Notice of Automatic Stay giving notice to the Court that all proceedings in this case should cease (see Doc. 156/0).  On June 15, 2022, the Court denied the above-mentioned motions five days after receiving the Notice of Automatic Stay.

This Notice of Objection is also formal notice that the Defendant is not in agreement with the Court's rulings, denying all of the above-mentioned motions, and states the following:

1. In each of the motions the Defendant has stated, "that the entire Court record is devoid of any affidavits, declarations or any documentation from Federal Home Loan Mortgage Corporation (FHLMC), the alleged secured party, or any officer of FHLMC claiming to be an injured party, creditor, secured party, or note holder with enforcement rights to the Defendant's 2005 note and deed of trust." (See Doc. 148/0, pg. 2, ¶2, and pg. 4, ¶1, Doc. 149/0, pg. 2, Doc. 150/0, pg. 2, ¶2, Doc. 154/0, pg. 2, ¶2, and Doc. 155/0, pg. 3, ¶3 and pg. 4 ¶1).

   Although the Plaintiffs and Movants had every opportunity to disprove the Defendant's assertions, they failed to do so with genuine fact evidence that would disprove the Defendant's undisputed allegations and evidence. Further, the Plaintiffs and Movants have conceded to all of the Defendant's unrefuted allegations in each of the motions. Neither the Plaintiffs, nor the Movants have disproved any of the Defendant's assertions, or newly discovered material fact evidence, proving FHLMC was not entitled to place the credit bid at the alleged trustees' sale, nor entitled to possession of the Defendant's property. The Defendant believes no matter what motions or documents she files in this Court, she will not receive a fair and unbiased ruling, which is biased, prejudicial and against the rule of law.

2. The Defendant also objects to the Court's denial of the Motions because the Defendant has placed genuine fact evidence into the Court record that another party, Robert Griffiths, is claiming to be the owner of the Defendant's property and entitled to possession. (See Doc. 143/0, pgs. 3-4 and Exhibits A and B, Doc. 144/0, pg. 2, #7-10, and Doc. 144/2, pg. 3, ¶1 and pg. 6, #4). The Court disregarded all of these undisputed assertions without having the Movants provide fact evidence of their legal authority, standing, and entitlement to be granted the judgment awarding possession. The Defendant believes the Court's Order granting judgment for possession and denial of the above-mentioned motions are in error and extremely biased and prejudicial to the Defendant.

3.  The Defendant also objects to the Court's denial of the Motions because the Defendant has challenged and proven with fact evidence the Plaintiffs and Movants lacked standing to invoke this Court's jurisdiction.  The Plaintiffs and Movants have conceded to all of the Defendant's undisputed assertions of their lack of standing, and they refuse to validate their standing with genuine fact evidence.

4.  The Defendant also objects to the Court's Orders because her constitutional right to due process is clear.  No law or contract can usurp my U.S. constitutional rights.  Any law, statute, regulation, rule or contract that violates the constitution is null and void.  The Constitution is the law of the land.  This Court has repeatedly continued to ignore my requests for a hearing and have refused to allow me my constitutional right to face my accusers. This Court has repeatedly ignored my demands for genuine fact evidence and proof of the Plaintiffs and Movants claims of entitlement to deprive me of my property. These are blatant violations of my constitutional rights.

When judges refuse to follow the oath that they have taken to uphold the Constitution and they continue to violate their own rules, regulations and procedures, these are acts of lawlessness.  The Defendant believes this state Court is aiding and abetting the unlawful confiscation of her property.

The Court has assumed that I am guilty of an alleged default without having the Plaintiffs and Movants to provide fact evidence to prove the validity of their disputed claims.  That is a deprivation of my U.S. Constitution right to due process and the Maryland Constitution Declaration of Rights, Article 19. The Defendant believes this Court is allowing the Plaintiffs and Movants to deprive her of her property without due process and equal protection of the law.

**THEREFORE,** for all the reasons stated above, the Defendant objects to all of the Court's Orders dated June 15, 2022, denying the Defendant's Motions and violating 11 U.S.C. 362, and her United States Constitutional rights of due process and equal protection of the law, and also the Maryland Constitution Declaration of Rights, Article 19.

All Rights Reserved Without Prejudice,

Renee L. McCray, Defendant
c/o 109 North Edgewood Street
Baltimore, Maryland 21229
(410) 945-2424

## AFFIDAVIT

I, Renee L. McCray, does hereby certify that the facts set forth in this Notice of Objection are true and correct to the best of my information, personal first-hand knowledge and belief.

Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Notice of Objection was sent to the parties listed below by USPS First Class Mail on June 22, 2022.

Robert H. Hillman
c/o SAMUEL I. WHITE, P.C.
6100 Executive Blvd., Suite 400
Rockville, MD 20852

Mark D. Meyer, Esq.
c/o Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

Renee L. McCray

# EXHIBIT

# F

ASSIGNMENT OF NOTE

State of Maryland

City of Baltimore

Assignor:   Wells Fargo Bank, N.A.

Assignee:   Federal Home Loan Mortgage Corporation


In consideration of ONE DOLLAR ($1.00) and other good and valuable consideration paid, the above named Assignor hereby assigns to the above-named Assignee, all rights, title and interest to that one Promissory Note dated October 7, 2005 in the original principal amount of $66,500.00, along with any other evidence of indebtedness such as guaranty(ies) or endorsement(s), wherein: Renee L. McCray are/is "Maker(s)".

Assignor further assigns all of its rights, title and interest in and to any cause of action against the Maker(s) for a deficiency claim comprised of unpaid principal, interest, costs and attorney's fees, resulting from the foreclosure which occurred on or about November 15, 2017 in Baltimore City, Maryland against the following real property:

109 N Edgewood Street

Baltimore, MD 21229

Assignee shall have full right to maintain an action on the claims hereby assigned and to settle, compromise, and reassign such claims and to release in full or part the liability thereunder.   This assignment is made by Assignor and accepted by Assignee without any warranties.

*Latice Simone Aiken*
**Latice Simone Aiken**
**Vice President Loan Documentation**
**Wells Fargo Bank, N.A.**
02/27/2020


State of South Carolina

County of York

The foregoing instrument was acknowledged before me this 27th day of February, 2020 by Latice Simone Aiken Vice President Loan Documentation; on behalf of Wells Fargo Bank, N.A., a national banking association. Latice Simone Aiken [ ] is personally known to me or [x] produced satisfactory evidence of identification.


Notary Public *Wendy Hernandez*

My commission expires 11-20-2028

WENDY HERNANDEZ
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 11-20-2028


Loan#:        Freddie Mac#: 162408544

ASSIGNMENT OF NOTE

State of Maryland

City of Baltimore

Assignor:   Federal Home Loan Mortgage Corporation

Assignee:   Statebridge Company, LLC

In consideration of ONE DOLLAR ($1.00) and other good and valuable consideration paid, the above named Assignor hereby assigns to the above-named Assignee, all rights, title and interest to that one Promissory Note dated October 7, 2005 in the original principal amount of $66,500.00, along with any other evidence of indebtedness such as guaranty(ies) or endorsement(s), wherein: Renee L. McCray are/is "Maker(s)".

Assignor further assigns all of its rights, title and interest in and to any cause of action against the Maker(s) for a deficiency claim comprised of unpaid principal, interest, costs and attorney's fees, resulting from the foreclosure which occurred on or about November 15, 2017 in Baltimore City, Maryland against the following real property:

109 N Edgewood Street

Baltimore, MD 21229

Assignee shall have full right to maintain an action on the claims hereby assigned and to settle, compromise, and reassign such claims and to release in full or part the liability thereunder.  This assignment is made by Assignor and accepted by Assignee without any warranties.

Federal Home Loan Mortgage Corporation
By its attorney-in-fact Statebridge Company, LLC

By: _____   Its: _Managing Director_   Date: 3/4/2020

ACKNOWLEDGMENT

State of _____ COLORADO

County of _____ ARAPAHOE

BEFORE ME, the undersigned authority, on this day personally appeared: _David McDonnell_ ,its _Managing Director_ the true and lawful attorney-in-fact for Federal Home Loan Mortgage Corporation known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledge to me that he/she executed the same for the purpose and consideration therein expressed, in the capacity therein stated and as the act and deed of said entity.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this date: _March 4, 2020_

_Catrina L. Geathers_

Notary Public - State of _Colorado_

Loan#: 0000308510  Freddie Mac#: 162408544

CATRINA L. GEATHERS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20084040135
MY COMMISSION EXPIRES NOVEMBER 28, 2020