IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| **In re:** | } | |
| | } | |
| **RENEE MCCRAY** | } | Case No.: 22-13191-NVA |
| | } | |
| Debtor/Petitioner | } | Chapter 7 |
| | } | |
| | } | |

FILED
AUG -3 2022
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE
DROP BOX

## PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT/ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9024

The Petitioner, Renee L. McCray, in the above referenced bankruptcy, files this Motion for Relief to vacated, the July 21, 2022 Order granting the Relief from Stay, pursuant Federal Rules of Civil Procedure 60 (3) and (4) in accordance with Bankruptcy Rule 9024, and in support of this motion states:

The Petitioner is not in agreement with the Bankruptcy Court's Order and objects, in order to correct a clear error of law, in regards to Federal Home Loan Mortgage Corporation's (FHLMC) standing to file the Motion for Relief from Stay, and to prevent a manifest injustice to the Petitioner. At the hearing on July 21, 2022, the Petitioner has stated and proven that FHLMC did not have standing as a creditor to file the motion for relief from stay in the bankruptcy proceeding. A certified copy of the hearing transcript is attached as **EXHIBIT A**.

FHLMC filed documents from the state foreclosure action and cited, In Re: May, In Re: Denny and In Re: DeSouza, alleging to be a creditor with standing to file the Motion for Relief from Stay. Although FHLMC asserts to be a creditor in this bankruptcy proceeding, the Petitioner

has provided material and genuine fact evidence that disproves FHLMC's standing. Further, FHLMC has failed and refused to disprove any of the Petitioner's evidence, proving that they have a lawful right to present themselves as a creditor in this bankruptcy proceeding.

Also, as stated in **Exhibit A** (see transcript Pgs. 5-6), the Petitioner filed with her Opposition to the Motion for Relief from Stay, **Exhibit F**, which consisted of two (2) Sales and Assignments of the alleged Note. On February 4, 2021, the Petitioner received an Internal Revenue Service (IRS) 1099-C form from Statebridge Company LLC (a mortgage servicer). The Petitioner notified Statebridge to rescind the fraudulent 1099-C, which Statebridge refused. On March 2, 2021, the Petitioner filed a complaint against Statebridge Company, LLC with the Consumer Financial Protection Bureau (CFPB), a federal government agency, Complaint No.: 210302-6155338. In Statebridge's response to the CFPB complaint, Statebridge submitted the two sales and assignments of the alleged note, filed with the Petitioner's opposition, as **Exhibit F**.

Also, as stated in **Exhibit A** (see Page 5, Line 19 through 25), the first sale and assignment was dated February 27, 2020, over seven years after the state foreclosure action was initiated. That sale and assignment was from Wells Fargo Bank, N.A. to FHLMC. FHLMC has never disputed, nor disproved the February 27th sale and assignment. On March 4, 2020, the second sale and assignment was from FHLMC to Statebridge Company, LLC. FHLMC has never disputed, nor disproved the March 4, 2020 sale and assignment to Statebridge (see **Exhibit A**, Page 5, Line 25 through Page 6, Line 4).

As stated above, on February 4, 2021, the Petitioner received an IRS 1099-C form from Statebridge cancelling the alleged debt. A redacted copy of the 1099-C form that the Petitioner received from Statebridge, is attached as **EXHIBIT B**. Since Statebridge cancelled the alleged note, FHLMC has failed and refused to provide any fact evidence to prove their standing, in order

to invoke the bankruptcy court's jurisdiction as a creditor. FHLMC has acquiesced and conceded to both of the two sales and assignments (see **Exhibit A**, Page 6, Line 4 through 11). FHLMC also conceded to the Petitioner's assertion that Statebridge filed a 1099-C canceling the alleged debt. Since FHLMC refused to disprove Statebridge's authority to file the 1099-C with the IRS, this is material fact evidence that FHLMC is not a creditor with standing to have been granted the motion for relief from stay.

Although the bankruptcy court stated on Page 9, Line 9 through 17, of the transcript, "I believe that the arguments that have been made by Ms. McCray are arguments that should be addressed or should have been addressed in the state court...I am going to grant paper #10, the motion for relief from stay." However, as the Petitioner stated on Page 9, Line 19 through 24, "...the United States Supremacy Clause ...preempts any ruling in the state court. And I am protected and I have not waived my federal protections...They have not proven that they are a creditor here in this bankruptcy proceeding, and they should not be granted the relief from stay."

**"Standing represents a jurisdictional requirement which is open to review at all stages of the litigation."** <u>National Organization for Woman, Inc. v. Scheidler</u>, 114 S. Ct. 798, 802 (1994). Also, this bankruptcy court is a Court of Equity and a maxim of Equity is "He who comes into equity must come with clean hands." FHLMC and its attorneys have unclean hands for their attempt to misrepresent FHLMC as a creditor in this bankruptcy proceeding, and have committed fraud on the court, pursuant to FRCP 60 (b)(3). Therefore, the Petitioner is requesting the court to impose sanctions against FHLMC and its attorneys for their attempt to deceive the Court by misrepresenting FHLMC as a creditor in this bankruptcy proceeding. As stated throughout the hearing, FHLMC has failed and refused to provide any fact evidence of their standing to invoke the bankruptcy's court jurisdiction. Since FHLMC has failed to provide any fact evidence once the Petitioner refuted their standing, as a creditor to invoke the bankruptcy court's jurisdiction, the

Petitioner believes the Court erred in granting FHLMC Motion for Relief from Stay. Also, pursuant to FRCP 60(b)(4), the Order granting FHLMC Motion for Relief from Stay should be Void, as a matter of law.

**WHEREFORE**, for all the reasons stated above, the Petitioner moves the Court to **GRANT** the Motion for Relief, by vacating the July 21, 2022 Order granting FHLMC Relief from Stay. If this Motion is denied, in the alternative, the Petitioner moves the Court for an Order stating FHLMC must prove their standing as a creditor, by providing fact evidence that the two sales and assignments are fraudulent, along with genuine fact evidence that Statebridge did not have any authority to file the 1099-C with the IRS cancelling the alleged debt. The Order will also state, FHLMC must provide said evidence within 14 days of receipt of the Court's Order.

All Rights Reserved Without Prejudice,

*/s/ Renee L. McCray*
Renee L. McCray, Petitioner
c/o 109 North Edgewood Street
Baltimore, MD 21229
(410) 945-2424

## AFFIDAVIT

I, Renee L. McCray, does hereby certify that the facts set forth in this Motion for Relief from Judgment/Order are true and correct to the best of my information, personal first-hand knowledge and belief.

*/s/ Renee L. McCray*
Renee L. McCray, Petitioner

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Motion for Relief from Judgment/Order was sent to the parties listed below by USPS First Class Mail on August 3, 2022.

Mark D. Meyer, Esq.
c/o Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

Ziv Guttman, Trustee
PO Box 32308
Baltimore, MD 21282-2308

_____
Renee L. McCray

# EXHIBIT A

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF MARYLAND


                                  .
IN RE:                            .       Chapter 7
                                  .
Renee McCray,                     .
                                  .
          Debtor.                 .       Bankruptcy #22-13191 (NVA)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                      Baltimore, Maryland
                         July 21, 2022
                           2:18 p.m.

               BEFORE THE HONORABLE NANCY V. ALQUIST
                UNITED STATES BANKRUPTCY COURT JUDGE


Transcript Of:

 [10]  MOTION FOR RELIEF FROM STAY AND NOTICE OF MOTION FILED
BY FEDERAL HOME LOAN MORTGAGE CORPORATION

 [22]  DEBTOR'S OPPOSITION MOTION FOR RELIEF FROM AUTOMATIC
STAY ON BEHALF OF RENEE MCCRAY FILED BY RENEE MCCRAY

 [23]  LINE PROVIDING ADDITIONAL DOCUMENTS ON BEHALF OF
FEDERAL HOME LOAN MORTGAGE CORPORATION FILED BY MARK DAVID
MEYER

APPEARANCES:

For The Debtor:             Renee McCray
                            Pro Se


For Federal Home Loan       Mark David Meyer, Esq.
Mortgage Corporation:       Rosenberg & Associates, LLC
                            4340 East West Highway-Ste. 600
                            Bethesda, MD 20814

Audio Operator:             Joyce Yalley
```

2

Transcribing Firm:        Writer's Cramp, Inc.
                          1027 Betty Lane
                          Ewing, NJ 08628
                          609-588-8043

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

                                                                    3

1              THE CLERK:  Calling the case of Renee McCray, case
2    #22-13191.  Beginning with the movant, will the parties please
3    identify themselves for the record.
4              MR. MEYER:  Good afternoon, Your Honor.  Mark Meyer
5    for the Federal Home Loan Mortgage Corporation.
6              THE COURT:  Thank you, Mr. Meyer.
7              MS. MCCRAY:  Renee McCray.
8              THE COURT:  All right.  Ms. McCray, you're
9    representing yourself today, is that correct?
10             MS. MCCRAY:  Yes.
11             THE COURT:  All right, thank you.  We're here today
12   on paper #10, which is Federal Home Loan Mortgage
13   Corporation's motion for relief from stay with respect to
14   property at 109 North Edgewood Street in Baltimore.  There is
15   an opposition to it filed at paper #22 by the debtor, and then
16   at 23 there are some additional documents that have been
17   submitted by the movant.  Mr. Meyer?
18             MR. MEYER:  Yes, Your Honor.  Thank you.
19             THE COURT:  Let me hear from you.
20             MR. MEYER:  Sure.  Your Honor, this is the movant's
21   motion to relieve -- to lift the automatic stay to allow the
22   movant to proceed with it's state law remedies in state court
23   regarding possession of the property at 109 North Edgewood
24   Street.  Per the motion and documents, the property was
25   previously foreclosed on November 15th, 2017.  That sale was

1    ratified by the Clerk of Court for Baltimore City on August
2    15th, 2019.  The ratification of the sale was affirmed on
3    appeal by the Maryland Court of Special Appeals, and a
4    petition for certiorari of that decision was denied by the
5    Maryland Court of Appeals.  As such, the foreclosure sale is
6    final.  The property here is not property of the bankruptcy
7    estate.  Additionally, the movant has been granted a judgment
8    for possession of the property which was granted on April 26th
9    of this year.  The movant submits that per In Re: May, which
10   reaffirms holdings of In Re: Denny and In Re: DeSouza, the
11   bankruptcy court does not have authority to invalidate a pre-
12   petition foreclosure sale, and any objection to the sale or
13   possession needs to be litigated in state court.  And here the
14   -- obviously the sale has been litigated in state court and
15   now the debtor retains a possessory interest in the property.
16   The movant submits that as a result, they (indiscern.) --
17   sorry, Your Honor.  The movant submits that the matter should
18   be -- the stay lifted to allow the matter to proceed in state
19   court and there the debtor may continue to litigate any claims
20   she believes she has or any rights in the property she also
21   believes she has.  Also I would note, Your Honor, this is a
22   chapter 7 case.  The trustee has filed a report of no
23   distribution and is not administrating any property or claim.
24   As such, the issue of possession of the property does not
25   involve any property of the estate and does not affect the

1   administration of the estate or this case and should be
2   allowed to proceed in the state court, and we would request
3   relief from the automatic stay for cause and lack of adequate
4   protection, Your Honor.
5           THE COURT:  All right, thank you.  Let me hear from
6   you, Ms. McCray.
7           MS. MCCRAY:  Okay, Your Honor.  On and for the
8   record, the state foreclosure action is not relevant.  Can you
9   hear me?
10          THE COURT:  I can hear you.
11          MS. MCCRAY:  Okay.  It's not relevant at this time,
12  and I'm going to explain why.  Federal Home Loan Mortgage
13  Corporation has not proven to be a party who has standing to
14  file the motion for relief from stay, let alone be granted a
15  relief from stay.  Also on and for the record, I timely filed
16  an opposition to the motion for relief from stay and I filed
17  as exhibit two sales and assignments of the alleged debt which
18  Federal Home Loan Mortgage Corporation has not disputed nor
19  disproved, and that was in Exhibit-F.  The first sale and
20  assignment was dated February 27th, 2020, over seven years
21  after the initiation of the state foreclosure action.  That
22  sale and assignment was from Wells Fargo Bank, N.A. to Federal
23  Home Loan Mortgage Corporation.  Federal Home Loan Mortgage
24  Corporation has not disputed nor disproved the February 27th
25  sale and assignment.  The second sale and assignment was dated

6

1   March 4th, 2020, from Federal Home Loan Mortgage Corporation
2   to Statebridge Company, LLC.  Again, Federal Home Loan
3   Mortgage Corporation has not disputed or disproved the March 4
4   sale and assignment to Statebridge.  Since Federal Home Loan
5   Mortgage Corporation has failed and refused to dispute the
6   validity of the two sales and assignments, they have conceded
7   to both of those exhibits.  And then on February 4th, 2021, I
8   received an IRS 1099C from Statebridge canceling the alleged
9   debt.  Since Statebridge cancelled the alleged debt in 2021,
10  Federal Home Loan Mortgage Corporation has not provided any
11  genuine fact evidence to prove that they have standing as a
12  creditor in this bankruptcy proceeding.  Therefore, I'm
13  requesting that the court invoke sanctions on Federal Home
14  Loan Corporation and their attorney for fraud on the court for
15  attempting to present Federal Home Loan Mortgage Corporation
16  as a creditor in this bankruptcy case.  Their own failure and
17  refusal to disprove the two sales and assignments presented in
18  exhibit-F proves that they are not a creditor.  And also, Your
19  Honor, the state court has denied me my constitution -- civil
20  and constitutional rights.  I have brought this information up
21  and they have refused to follow their own rules and procedures
22  regarding this foreclosure action.
23          THE COURT:  Do you want to respond, Mr. Meyer?
24          MR. MEYER:  Sure, Your Honor.  Your Honor, the
25  Federal Home Loan Mortgage Corporation has certainly shown

1   standing.  It was the purchaser of the property for the
2   reported sale at the foreclosure and it has been granted a
3   judgment of possession.  Clearly that provides its standing
4   for relief here.
5           THE COURT:  Do I have any unopposed allegation or
6   some documents of record --
7           MS. MCCRAY:  Yes.
8           THE COURT:  -- that -- no, no, Ms. McCray, I'm
9   talking to Mr. Meyer.
10          MS. MCCRAY:  Okay.
11          MR. MEYER:  Yes, Your Honor, the report of sale and
12  the judgment of possession are attached to the motion for
13  relief, Your Honor, as exhibits.
14          THE COURT:  Thank you.  All right, you may continue.
15          MR. MEYER:  And as Ms. McCray just stated, her
16  issues regarding whatever assignments she has located have
17  already been presented to the state court and the state court
18  has denied her motions for reconsideration, motions for a new
19  trial, motions for a temporary injunction.  So these matters
20  have been brought up at the state court and litigated.  And
21  again, if she wants to bring these matters up again in state
22  court, she can, but they have no affect on the administration
23  of this estate.  The trustee has not taken up these claims,
24  and they are properly for the state court.  All we're here to
25  ask is that we're allowed to proceed in state court.  No

8

1    relief that the court grants here today is a conclusion or
2    judgment of these issues, it's just allowing us to proceed in
3    state court, and Ms. McCray is free to make those arguments in
4    state court.
5            THE COURT:  All right.  Go on.
6            MS. MCCRAY:  Can I say something?  Can I say
7    something, Your Honor?
8            THE COURT:  Yes, you can say something.
9            MS. MCCRAY:  Okay, Your Honor, I object.  I am not
10   allowed to make those arguments in the state court, and those
11   sales and assignments were never brought up where there was a
12   ruling on those sales and assignments.  Federal Home Loan
13   Mortgage Corporation refused to disprove that those sales and
14   assignments are valid.  And since they are valid, they do not
15   have standing to be here in this court claiming to be a
16   creditor.  I -- once I get out of this court, I will be filing
17   motions to the appeal court again, and if I don't get any
18   satisfaction there, I will be going to the federal court for
19   them violating my civil and my constitutional rights to due
20   process in that court.  So there -- they are not creditors in
21   this bankruptcy.  Because of those sales and assignments, and
22   that debt being cancelled prior to me filing for bankruptcy,
23   they do not have standing to be here.
24           THE COURT:  All right, thank you.  Based on my
25   review of what has been filed with the court and the arguments

9

1   and presentations that have been made today, it appears to me
2   that the movant is here seeking only leave to continue
3   proceedings that are pending in the state court that have to
4   do with the foreclosure sale and a ratification of that
5   foreclosure sale on August 15th, 2019, as well as subsequent
6   proceedings relevant to ratification taken up on appeal by the
7   court of special appeal.  It appears to me that there is a
8   judgment for possession in 2022, and that we are also in a
9   chapter 7 case.  I believe that the arguments that have been
10  made by Ms. McCray are arguments that should be addressed or
11  should have been addressed in the state court and are
12  appropriately taken up there, given the procedural posture of
13  this case.  Again, this matter is -- was in the type of matter
14  addressed as well by the cases of Denny, DeSouza and May, and
15  for all of those reasons, I am going to grant paper #10, the
16  motion for relief from stay.  And Ms. McCray, you may address
17  yourself of course to the state court.
18          MS. MCCRAY:  Okay.  Your Honor, I will be appealing
19  the decision because of the United States Supremacy Clause
20  that it preempts any ruling in the state court.  And I am
21  protected and I have not waived my federal protections in the
22  bankruptcy proceeding.  They have not proven that they are a
23  creditor here in this bankruptcy proceeding, and they should
24  not be granted the relief from stay.  They have not disputed
25  those sales and assignments that were filed prior to me filing

1  this bankruptcy proceeding.  So I will be appealing the order.

2           THE COURT:  Understood.  Thank you, Ms. McCray,

3  thank you, Mr. Meyer.

4           MR. MEYER:  Thank you, Your Honor.  I'll submit an

5  order.

6      (Court adjourned)

7

8                         CERTIFICATION
9  I certify that the foregoing is a correct transcript from the
10 electronic sound recording of the proceedings in the above-
11 entitled matter.
12
13
14   *Lewis Parham*                           7/27/22
15
16  _____              _____
17  Signature of Transcriber                   Date

# EXHIBIT B

| | | |
|---|---|---|
| ☐ CORRECTED (if checked) | | LoanID: 0000308510 |

| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | 1 Date of identifiable event<br>05/13/2020 | OMB No. 1545-1424 | **Cancellation** |
| Statebridge Company, LLC | 2 Amount of debt discharged<br>$ 70,650.94 | **2020** | **of Debt** |
| 6061 S. Willow Drive<br>Suite 300<br>Greenwood Village    CO    80111<br>(866) 466-3360 | 3 Interest if included in box 2<br>$ 0.00 | Form 1099-C | |
| CREDITOR'S TIN<br>26-3233382 | DEBTOR'S TIN<br>XXX-XX-XXXX | 4 Debt description<br><br>109 N EDGEWOOD STREET, BALTIMORE, MD, 2 | **Copy B**<br>**For Debtor**<br>This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| DEBTOR'S name, Street address (including apt. no.), City or town, state or province, country, and ZIP or foreign postal code<br><br>RENEE L MCCRAY<br>109 N EDGEWOOD ST<br>BALTIMORE MD 21229-3021 | 5 If checked, the debtor was personally liable for repayment of the debt    ☒ | | |
| Account number (see instructions)<br>0000308510 | 6 Identifiable event code<br>A | 7 Fair market value of property<br>$ 0.00 | |

Form   1099-C           (keep for your records)           www.irs.gov/Form1099C           Department of the Treasury - Internal Revenue Service

**Instructions for Debtor**

You received this form because a federal government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040 or 1040-SR. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

**Debtor's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN)). However, the creditor has reported your complete TIN to the IRS.

**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.

Box 1. Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

Box 2. Shows the amount of debt either actually or deemed discharged. Note: If you don't agree with the amount, contact your creditor.

Box 3. Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

Box 4. Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

Box 5. Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

Box 6. Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A-Bankruptcy; B-Other judicial debt relief; C-Statute of limitations or expiration of deficiency period; D- Foreclosure election; E-Debt relief from probate or similar proceeding; F-By agreement; G-Decision or policy to discontinue collection; or H-Other actual discharge before identifiable event.

Box 7. If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV generally is the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Future developments.** For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1099C.

